UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 1:11-md-2242-RWZ

IN RE: PROGRAF ANTITRUST LITIGATION

INDIRECT PURCHASER ACTIONS

New Mexico United Food and Commercial Workers Union's
and Employers' Health and Welfare Trust Fund v. Astellas Pharma US, Inc.,
No. 11-cv-11621

Janet M. Paone v. Astellas Pharma US, Inc.,
No. 11-cv-11647

Judith Carrasquillo v. Astellas Pharma US, Inc.,
No. 11-cv-11685

Plumbers and Pipefitters Local 572 Health and Welfare Fund
v. Astellas Pharma US, Inc.,
No. 11-cv-11870

Louisiana Health Service Indemnity Company d/b/a Bluecross/Blueshield of Louisiana
v. Astellas Pharma US, Inc.,
No. 11-cv-12326

**MDL Order No. 3**
May 9, 2012

ZOBEL, D. J.

MDL Order No. 2 is supplemented by the following:

1. This Order shall apply to the actions listed above and each related case brought by indirect purchasers that is subsequently filed in or transferred to this court by the Judicial Panel on Multidistrict Litigation ("Indirect Purchaser Actions").

2. The actions subject to this Order are coordinated for pretrial purposes.

3(a). The Indirect Purchaser Actions shall be a subgroup on the MDL master file, Docket No. 1:11md 2242-RWZ. All filings shall be docketed on the Master Docket but identified as pertaining to Indirect Purchaser Actions as described in Paragraphs 4 and 5 below.

(b). Any Indirect Purchaser Actions hereafter transferred to this court by the Judicial Panel on Multidistrict Litigation shall be consolidated with the other such actions pending. Any Indirect Purchaser Actions filed in this district may be consolidated on motion of counsel for plaintiff.

4. Every pleading filed in an Indirect Purchaser Action shall bear the docket number 1:11-md-2242-RWZ and the following caption:

> In re: Prograf Antitrust Litigation
> This Document Relates To:
> Indirect Purchaser Actions

5. When a pleading or other paper filed is intended to apply only to one, or some, but not all such actions, the party filing the document shall indicate the action(s) to which the document is intended to be applicable and file that document also in the appropriate individual action.

6. This Order shall be filed and docketed on the master docket and the docket of each of the individual Indirect Purchaser Actions pending and filed hereafter.

7. Co-Lead counsel for the Indirect Purchaser plaintiffs shall, in cooperation with co-lead class counsel in this litigation, prepare and maintain the Panel Attorney Service List for the subgroup including the individual case number, party name represented, attorney name and e-mail address which shall be provided to the Clerk and all attorneys

on the list. Attorneys who later wish to have their names added to or deleted from the list may do so by request to co-lead counsel for the Indirect Purchaser plaintiffs with notice to the Clerk and all other persons on the list. Only one attorney for each party separately represented shall be included in the list.

8. Having allowed the motion of the Indirect Purchaser plaintiffs to appoint co-lead and liaison counsel and reviewed counsel's supporting documentation, the court, pursuant to Fed. R. Civ. P. 23(g), appoints James R. Dugan II, the DUGAN LAW FIRM of New Orleans, LA 70130, and J. Gerard Stranch IV, Branstetter, Stranch & Jennings PLLC of Nashville, TN 37201, co-lead counsel, and Glen DeValerio, Berman DeValerio of Boston, MA 02109, liaison counsel. Only lead and liaison counsel shall appear on the master docket. All other counsel will only appear on the docket of their individual case.

|    May 9, 2012    | /s/Rya W. Zobel |
|---|---|
| DATE | RYA W. ZOBEL |
| | UNITED STATES DISTRICT JUDGE |