UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 1:11-md-02242-RWZ

IN RE: PROGRAF ANTITRUST LITIGATION

ORDER

April 23, 2013

ZOBEL, D.J.

Defendant Astellas Pharma US, Inc. ("Astellas") served subpoenas for deposition to three physicians – Drs. Josh Levitsky, Michael Abecassis, and Meena Sahadevan – who provided medical treatment to indirect purchaser plaintiffs Judith Carrasquillo and Janet Paone ("consumer plaintiffs"). Plaintiffs seek an order to quash the depositions pursuant to Fed. R. Civ. P. 45(c)(3) and/or a protective order pursuant to Fed. R. Civ. P. 26(c) preventing Astellas from taking the depositions or otherwise inquiring into the consumer plaintiffs' private medical histories (Docket # 182).

Notwithstanding Astellas's assertions to the contrary, it appears from the subpoenas and Astellas's brief that the depositions will seek the disclosure of private medical information previously found to be protected by state law physician-patient privileges. See Docket # 163. The HIPAA releases authorized by the court and signed by each consumer plaintiff only permit the release of "documents . . . concerning [her] prescription drug history as to PROGRAF® (tacrolimus) and any other tacrolimus-containing drug product, as well as the terms of [her] medical and prescription drug

insurance coverage." The proposed depositions of consumer plaintiffs' physicians go beyond that limited scope and are unnecessary.

An exception, however, is appropriate as to Dr. Abecassis, who was an officer of the American Society of Transplant Surgeons ("ASTS") in September 2007 when it submitted a letter to the FDA regarding bioequivalency testing requirements for development of generic immunosuppressant drugs. See Docket #192, Exh. C. Dr. Abecassis may properly be deposed on the limited subject of his role in ASTS, but not as to any treatment rendered to consumer plaintiffs or any other topics which would violate physician-patient privileges.

Since the subpoenas were not issued by this court,[1] I decline to quash them under Rule 45(c)(3), which provides only for "the issuing court" to quash or modify a subpoena. However, plaintiffs have established "good cause" for a protective order pursuant to Rule 26(c).

Plaintiffs' motion to quash is DENIED. Plaintiffs' motion for a protective order is ALLOWED IN PART and DENIED IN PART. Astellas shall not depose Drs. Levitsky and Sahadevan and may only depose Dr. Abecassis regarding his role in ASTS.

SO ORDERED.

April 23, 2013
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

---

[1] The subpoenas to Carrasquillo's physicians, Drs. Levitsky and Abecassis, were issued by the United States District Court for the Northern District of Illinois, and the subpoena to Paone's physician, Dr. Sahadevan, was issued by the United States District Court for the District of Minnesota.