UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PROGRAF ANTITRUST LITIGATION | MDL No. 2242 |
| THIS DOCUMENT RELATES TO: All Direct Purchaser Actions | Master File No. 1:11-cv-10344-RWZ |

## RWZ [PROPOSED] ORDER CERTIFYING DIRECT PURCHASER CLASS

AND NOW, this 23rd day of April, 2013, upon consideration of

1. Direct Purchaser Plaintiffs'[1] Motion for Class Certification;

2. Stipulation to Direct Purchaser Plaintiffs' Motion for Class Certification between direct purchaser plaintiffs and defendant Astellas Pharma, US, Inc.[2]

3. Direct Purchaser Plaintiffs' Memorandum of Law in Support Motion for Class Certification; and

4. Declaration of Jeffrey J. Leitzinger, Ph.D.

and FINDING that all requirements of Fed. R. Civ. P. 23(a) and (b)(3) have been met; it is

hereby ORDERED, DECREED, and ADJUDGED that said motion is GRANTED.

The Court makes the following findings as required by Rule 23:

Pursuant to Fed. R. Civ. P. 23(c)(1)(B), the class, which shall hereinafter be denominated

the "Direct Purchaser Class," is defined as follows:

> All persons or entities in the United States and its territories that purchased Prograf directly from Astellas from April 8, 2008 to December 31, 2011 (the "class period"). Excluded from the class

---

[1] The direct purchaser plaintiffs are Burlington Drug Company, Inc., King Drug Company of Florence, Inc., Louisiana Wholesale Drug Company, Inc., Stephen L. LaFrance Pharmacy, Inc. d/b/a SAJ Distributors and Stephen L. LaFrance Holding, Inc., and Uniondale Chemists, Inc.

[2] Astellas has agreed not to oppose Direct Purchaser Plaintiffs' Motion for Class Certification in order to streamline pretrial motions practice. The parties' agreement is without prejudice to any party to litigate any issue on the merits, including but not limited to, issues pertaining to causation, injury, and damages. Nevertheless, the Court has performed a rigorous analysis to determine whether each of the requirements of Fed. R. Civ. P. 23(a) and at least one of the requirements of Fed. R. Civ. P. 23(b) has been met.

are Astellas and its officers, directors, management, employees, parents, subsidiaries, and affiliates, and federal governmental entities.

Pursuant to a stipulation with Direct Purchaser Plaintiffs, Defendant Astellas Pharma, US, Inc. ("Astellas") does not oppose the Direct Purchasers' Motion for Class Certification. Furthermore, pursuant to Rule 23(a)(1), the Court finds, by a preponderance of the evidence, that the Direct Purchasers have adduced evidence sufficient to support their Motion, as set forth below. Nothing in this Order, however, shall preclude or in any way limit Astellas's right to contest or challenge liability or the legal or factual sufficiency of Plaintiffs' claims for damages, nor does this Order make any findings or conclusions with respect to the merits of Plaintiffs' claims.

The Court finds that the Class is so numerous and geographically dispersed and the matter sufficiently complex such that joinder of all members is impracticable. According to the Declaration of Jeffrey J. Leitzinger, Ph.D., the Direct Purchaser Class has 25 members.

Pursuant to Fed. R. Civ. P. 23(c)(1)(B), and in light of the many class-wide, common issues of law and fact identified by direct purchaser plaintiffs, the Court finds, by a preponderance of the evidence, that the class-wide claims and issues, expressed in a summary fashion are as follow:

    a.    Whether defendant unlawfully maintained monopoly power by delaying generic entry;

    b.    Whether direct proof of Astellas's monopoly power is available, an if available, whether it is sufficient to prove Astellas's monopoly power without the need to also define a relevant market

    c.    To the extent a relevant market must be defined, what that definition is;

  d. Whether the activities of Astellas as alleged herein have substantially affected interstate commerce; and

  e. Whether, and to what extent, Astellas's conduct caused antitrust injury to the business or property of direct purchaser plaintiffs and the members of the class, and if so, the appropriate measure of damages.

  f. Whether Astellas's challenged conduct was a substantial contributing factor bringing about antitrust injury-in-fact to the Direct Purchaser Class in the nature of higher prices paid for tacrolimus, in that, but for that conduct, one or more firms selling lower-priced generic versions of tacrolimus would have earlier entered the market.

Pursuant to Fed. R. Civ. P. 23(c)(1)(B), the Court find, by a preponderance of the evidence that the defenses asserted by Astellas, according to its Answer to Direct Purchaser Consolidated Complaint (Doc. No. 50), are applicable class-wide.

The Court finds, by a preponderance of the evidence, that the foregoing class-wide claims, issues, and defenses are questions of law or fact common to the Direct Purchaser Class that satisfy Rule 23(a)(2).

Each of the direct purchaser plaintiffs, Burlington Drug Company, Inc., King Drug Company of Florence, Inc., Louisiana Wholesale Drug Company, Inc., Stephen L. LaFrance Pharmacy, Inc. d/b/a SAJ Distributors and Stephen L. LaFrance Holding, Inc., and Uniondale Chemists, Inc., are hereby appointed representatives of the Direct Purchaser Class for the following reasons:

  a. Plaintiffs allege on behalf of the proposed Direct Purchaser Class the very same manner of injury from the very same course of conduct that they complain of for themselves, and plaintiffs assert on their own behalf the same legal theory that they assert for the

Class. The Court therefore finds, by a preponderance of the evidence, that the claims of each direct purchaser plaintiff are typical of the claims of the Direct Purchaser Class within the meaning of Rule 23(a)(3); and

        b.      The Court therefore finds, by a preponderance of the evidence, that each of the Direct Purchaser Plaintiffs will fairly and adequately protect the interests of the Direct Purchaser Class, in compliance with Rule 23(a)(4). Plaintiffs' interests do not conflict with the interests of absent members of the Direct Purchaser Class. All of the Direct Purchaser Class members share a common interest in proving the existence, scope and effect of Astellas's alleged anticompetitive conduct, which allegedly led to higher prices for tacrolimus in the actual world than would have been paid in the but-for world, and all Direct Purchaser Class members, share a common interest in recovering the overcharge damages prayed for in the consolidated amended complaint. Moreover, any Direct Purchaser Class member that wishes to opt out will be given an opportunity to do so. Furthermore, class counsel are well-qualified to represent the Direct Purchaser Class in this case, given their experience in prior cases, and the vigor with which they have prosecuted this action thus far. The Court has previously appointed Hagens Berman Sobol Shapiro LLP and Garwin Gerstein & Fisher LLP as co-lead class counsel and confirms that appointment herein.

Pursuant to Rule 23(b)(3), the Court finds, by a preponderance of the evidence, that, in this case, common questions of law and fact predominate over questions affecting only individual members. In light of the class-wide claims, issues, and defenses set forth above, the Court finds, by a preponderance of the evidence, that the issues of the alleged antitrust violation, antitrust impact, and damages are capable of proof at trial using evidence that is common to the

class, rather than individual to its members. Specifically, the Court finds, by a preponderance of the evidence that:

    a.    On the issue of antitrust violation, the relevant proof of defendants' alleged course of anticompetitive conduct will not vary among members of the Direct Purchaser Class.

    b.    On the issue of antitrust injury-in-fact or impact, the Leitzinger Declaration, together with prior decisions granting class certification where direct purchasers alleged that they paid overcharges because generic drug market entry was delayed, provide the basis for the Court to find, by a preponderance of the evidence, that impact to all or nearly all Direct Purchaser Class members from defendants' alleged conduct is capable of being proven at trial using one or more of a variety of categories of evidence is common to the class, not individual to its members; and

    c.    On the issue of damages, the Declaration of Jeffrey J. Leitzinger, Ph.D., together with prior decisions granting class certification where direct purchasers alleged that they paid overcharges because generic drug market entry was delayed, provide the basis for the Court to find that it will be feasible to calculate aggregate damages to the Direct Purchaser Class as a whole using well-established methodologies, including the "before and after" method.

Also pursuant to Rule 23(b)(3), the Court finds, by a preponderance of the evidence, that a class action is superior to other available methods for the fair and efficient adjudication of this action. The Court believes it is desirable, for purposes of judicial and litigant efficiency, to concentrate the claims of the Direct Purchaser Class in a single action. The Court also believes that there are few manageability problems presented by a case such as this, and notes that the

members of the class have expressed no interest in individually controlling the prosecution or defense of separate actions. None has brought suit separately.

Within 20 days, Direct Purchaser Co-Lead Class Counsel shall file with the Court a motion seeking approval of a form of individual notice, for direction to each member of the Direct Purchaser Class by first class United States mail, of the certification of the Direct Purchaser Class. The Court hereby finds, by a preponderance of the evidence, that such method is the best practicable under the circumstances. Lead Direct Purchaser Class Counsel's proposed notice shall comply in all respects with Fed. R. Civ. P. 23(c)(2)(B), and shall be accompanied by a form of order which, if signed and entered by the Court, would direct completion of the provision of such notice within 60 days of such entry.

IT IS SO ORDERED.

BY THE COURT

Dated: April 23, 2013

_____
Hon. Rya Zobel
United States District Judge