UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 1:11-md-02242-RWZ

IN RE: PROGRAF ANTITRUST LITIGATION

ORDER

November 25, 2014

ZOBEL, D.J.

On June 24, 2014, defendant Astellas Pharma US, Inc. ("Astellas"), filed a petition for permission to appeal my June 10, 2014 order, which partially certified a class of indirect purchasers, in the U.S. Court of Appeals for the First Circuit. See In re Prograf Antitrust Litig., No. 14-8023 (1st Cir. filed June 24, 2014). That petition is still pending. At this point, it is unlikely to be resolved in time for the trial of the indirect purchaser cases to begin as scheduled. The court will therefore proceed to trial only with the direct purchaser cases on January 12, 2015, and will schedule a trial for the indirect purchaser cases after the First Circuit resolves Astellas's appeal.

The parties in the direct purchaser cases shall submit a joint report by December 2, 2014, not to exceed four pages, discussing how this bifurcation will affect the January 12, 2015 trial. The report shall address (1) whether all direct purchasers consent to trial in this district, see Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 40 (1998); (2) which currently pending motions, including motions in limine, must be resolved before the trial; and (3) which currently pending motions, if any, are now moot.

The court also notes that Astellas has filed numerous Daubert motions. At the consolidated pretrial conference and Daubert hearing on December 4, 2014, the court will hear argument and evidence on no more than three of Astellas's Daubert motions, as well as any of the direct purchaser plaintiffs' two Daubert motions (Docket # 519 and # 520). The court will decide the remainder of Astellas's Daubert motions on the parties' submissions. The parties shall indicate which Daubert motions, if any, they will present at the December 4, 2014 hearing in their joint report.

The indirect purchaser plaintiffs shall complete briefing on any motions that have already been filed with the court, and they shall report to the court any motions that are now moot. But, unless otherwise directed by the court, the indirect purchaser plaintiffs shall file no other substantive motions until the completion of the direct purchaser trial. However, their motion for leave to file a reply in support of their motion for approval of the proposed notice program (Docket # 527) is ALLOWED;

Having considered the parties' submissions in several other pending matters, it is HEREBY ORDERED:

1. Astellas's motion for an order certifying appeal of the court's June 10, 2014 order pursuant to 28 U.S.C. § 1292(b) (Docket # 457) is DENIED;

2. The consolidated plaintiffs' motion to file an omnibus opposition to Astellas's five Daubert motions about Dr. Kessler (Docket # 541) is ALLOWED;

3. The parties' proposal about deposition designation submissions (Docket # 605) is approved, and corresponding deadlines in the scheduling order are amended as described in the parties' letter (Docket # 605). The parties are

reminded that any deposition designations to be played or read at trial should be limited to 30 minutes per witness.

|  November 25, 2014  |  /s/Rya W. Zobel  |
|---|---|
| DATE | RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |