UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PROGRAF ANTITRUST LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br><br> All Indirect Purchaser Actions | MDL No. 2242 <br><br> Master File No. 1:11-md-2242 RWZ <br><br> **Hon. Rya W. Zobel** |

## INDIRECT PURCHASER PLAINTIFFS' REPORT

Indirect Purchaser Plaintiffs ("IPPs"),[1] pursuant to the Court's November 25, 2014 Order [Dkt. 611], hereby files this report updating the Court on any motions currently pending before it which are now moot in light of the Court's order bifurcating the IPP trial until after resolution of Defendant Astellas Pharma US, Inc.'s ("Astellas") petition for permission to appeal the June 10, 2014 order.

The following motions concerning solely and/or primarily IPP-related issues are currently pending before the Court:

- IPPs' Motion to Exclude the Testimony of Kristin Fox-Smith [500 (Seal Motion) & 524]
- IPPs' Motion to Exclude the Testimony of Dr. Pierre-Yves Cremieux [499 (Seal Motion) & 523]
- Astellas's Motion to Exclude the Testimony of Dr. Meredith Rosenthal [498 (Seal Motion) & 517]
- IPPs' Motion *in Limine* to Exclude Certain Testimony from Kristin Fox-Smith [573]

---

[1] Indirect Purchaser Plaintiffs representing the Class are Louisiana Health Service Indemnity Company d/b/a BlueCross BlueShield of Louisiana ("BCBSLA") and Janet M. Paone ("Ms. Paone").

1

- IPPs' Motion *in Limine* to Exclude Evidence Concerning Judith Carrasquillo and New Mexico United Food and Commercial Workers Union's and Employers' Health and Welfare Trust Fund [574]
- Astellas's Motion *in Limine* to Exclude Certain Damages Evidence [577] [2]

These motions are not "moot," but in light of the Court's November 25, 2014 bifurcation order, IPPs do not believe that any of these pending motions require resolution in advance of the January 12, 2015 trial.

Nevertheless, IPPs would ask the Court at the December 4, 2014 hearing to resolve definitively for the benefit of the parties whether named IPPs' damages will be tried at the same time as the certified class issue of Astellas's antitrust misconduct. This would provide the parties clarity on this issue and, if necessary, permit the parties to submit supplemental expert reports on named IPP damages sufficiently in advance of the IPP trial.

IPPs believe this issue is ripe for determination now, having been briefed by both IPPs and Astellas in numerous pre-trial motions. Based on the Court's Order certifying an IPP Class on the lone issue of Astellas's antitrust misconduct,[3] IPPs' pre-trial motions *in limine* and to

---

[2] There are two pending motions filed by the Direct Purchaser Plaintiffs ("DPPs") which also pertain to testimony and evidence relating primarily to the IPP case: DPPs' Motion *in Limine* to Preclude Astellas From Introducing Evidence Regarding Indirect Purchaser Damages, Impact or Injury [593]; and DPPs' Motion to Exclude Testimony of Kristin Fox-Smith and Pierre-Yves Cremieux Concerning Indirect Purchaser Claims [607]. IPPs take no position as to the mootness of these motions in light of the Court's November 25, 2010 order, but anticipate that DPPs will address them in their own report to the Court.

[3] *See* 6/10/14 Order at 9-10 (Dkt. No. 450) (emphasis added):

> "[A]ll IPP class members, as well as the certified class of direct purchaser plaintiffs, present the same allegations and proof of misconduct by Astellas….[C]ertifying an issue specific class here would allow the parties to resolve the question of antitrust violation in one efficient and economical stroke. While a favorable judgment for plaintiffs on antitrust conduct would not, without more, establish Astellas's liability, it would significantly advance each class member's claims; **with a violation of antitrust law already determined, class**

exclude have represented that "the current named IPP plaintiffs, BCBSLA and Ms. Paone, will not be presenting evidence of their own injury or damages at the Class trial." IPP MiL re Carrasquillo and NMUFC (D.E. 574) at 2; *see also id*. at 4 ("[U]nder the Court's orders, the jury is not supposed to decide whether anyone was injured. BCBSLA and Ms. Paone intend to abide by these orders and will not attempt to prove injury to class members."). IPPs' motions are predicated on their belief that the Class trial on the single issue of Astellas's antitrust misconduct is precedent to any follow-on claims by Class members who decide to pursue individual claims by proving impact and damages. Astellas disputes this, arguing that the impending IPP Class trial should include questions of injury and damages, not to the IPP "class," but only as to the two named class representatives who remain, Paone and BCBSLA.

It will significantly reduce the issues in dispute and focus the parties on the remaining issues for the IPP trial if the Court can resolve this disagreement between the parties at the December 4, 2014 hearing. Alternatively, IPPs ask the Court to set a briefing schedule so that the parties may set forth their respective positions on the single issue of whether named IPP plaintiffs BCBSLA and Paone will try their individual damages cases at the same time as the impending IPP Class trial on Astellas's antitrust misconduct.

Dated: December 2, 2014               Respectfully submitted,

*/s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV (#023045)
Joe P. Leniski, Jr. (#022891)
Benjamin A. Gastel (#028699)
Branstetter, Stranch & Jennings, PLLC
227 Second Avenue North, 4th Floor
Nashville, TN 37201-1631
Tel: (615) 254-8801

---

**members could then choose to proceed with their claims individually to prove impact and damages.** Conversely, a judgment in Astellas's favor would be binding on all class members and foreclose any liability on their claims."

James R. Dugan, II
Douglas Plymale, Ph.D.
David Franco
Dugan Law Firm
One Canal Place
365 Canal Street, Suite 1000
New Orleans, LA. 70130
Tel: (504) 648-0180

*Co-Lead Indirect Purchaser Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2014, I served the foregoing on all counsel of record by ECF delivery.

*/s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV